**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SOMALTUS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| MINN KOTA, INC. | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Somaltus LLC ("Plaintiff" or "Somaltus") files this Complaint against Minn Kota, Inc. ("Defendant" or "Minn Kota") for infringement of United States Patent No. 7,657,386 (hereinafter "the '386 Patent").

## PARTIES AND JURISDICTION

1.     This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.     Plaintiff is a Texas limited liability company with its principal office located at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

4.     On information and belief, Defendant is a U.S. corporation having a principal place of business at 1531 East Madison Avenue, P.O. Box 8129, Mankato, MN 56002-8129.

5.     This Court has personal jurisdiction over Defendant because Defendant has

committed, and continues to commit, acts of infringement in the state of Texas, has conducted

business in the state of Texas, and/or has engaged in continuous and systematic activities in the

state of Texas.  Upon information and belief, Defendant's instrumentalities that are alleged

herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the

Eastern District of Texas.

## VENUE

6.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§

1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in

the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,657,386)

7.      Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.      This cause of action arises under the patent laws of the United States and, in

particular, under 35 U.S.C. §§ 271, *et seq*.

9.      Plaintiff is the owner by assignment of the '386 patent with sole rights to

enforce the '386 patent and sue infringers.

10.     A copy of the '386 Patent, titled "Integrated Battery Service System," is

attached hereto as Exhibit A.

11.     The '386 Patent is valid, enforceable, and was duly issued in full compliance

with Title 35 of the United States Code.

12.     Upon information and belief, Defendant has infringed and continues to infringe

one or more claims, including at least Claim 8, of the '386 patent by making, using, importing,

selling, and/or offering for sale charging systems covered by one or more claims of the '386

Patent.

13.     Defendant sells, offers to sell, and/or uses charging systems including, without limitation, without limitation, Minn Kota Digital Onboard Chargers (the "Product"), for example, and any similar devices, which infringe at least Claim 8 of the '386 Patent.

14.     On information and belief, the Product controls charge signals when it charges batteries.  For example, at Defendants' website: at:

http://www.minnkotamotors.com/Battery-Chargers/On-Board-Chargers/Digital-Chargers/

product literature is provided describing certain details regarding the Product.  The product literature indicates that Defendant's charging products have a "[m]icroprocessor-based design" and their "automatic multi-stage charging" feature "[c]ontols the voltage and current your battery gets throughout the three stages of the charging cycle for a safe, precise charge."  This and other features dictate that charge signals are controlled by the Product.

15.     The functionality of the Product includes detecting a current battery output level of the battery.  For example, to turn power on when a device's battery is below 12.6V, the Product must detect the current battery output level (e.g., 12.6V).  Similarly, in order to shut off power when a device's battery is fully charged, the Product detects the current battery output level (e.g., fully charged).  The Product literature indicates that "[t]he charger will automatically turn on when the battery voltage drops below 12.6V" and "[w]hen the battery reaches full charge, the charger voltage is dropped to 13.4V at 77ºF."  In order to provide this and other features, the Product must detect the current battery output level.

16.     Similarly, the Product also accesses a target charge level.  For example, to shut off the power, the Product must access a target charge level, such as a "fully charged" level as indicated above.

17.     The Product compares the current battery output level and the target charge

level.  For example, in order to shut of the power at the "fully charged" level, the Product must compare the current battery output level (e.g., during charging) to the respective target level (e.g., "fully charged").

18.    The Product alters a charge signal by adjusting an on/off period of an AC power source to a transformer coupled to the battery.  For example, on information and belief, the Product is, or includes, an AC power source to a transformer.  The Product is coupled to a battery for charging.  The Product "alters the charge signal by adjusting an on/off period" by, for example, automatically turning off the power when a certain battery output level (e.g., "fully charged") is reached.  This is described, for example, in the product literature for the Product in connection with the charger dropping its voltage to 13.4V when the battery reaches full charge.

20.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

21.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22.    Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent No. 7,657,386 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 12, 2017                    Respectfully submitted,


                                           */s/Jay Johnson*
                                           **JAY JOHNSON**
                                           State Bar No. 24067322
                                           **D. BRADLEY KIZZIA**
                                           State Bar No. 11547550
                                           **KIZZIA JOHNSON, PLLC**
                                           1910 Pacific Ave., Suite 13000
                                           Dallas, Texas 75201
                                           (214) 451-0164
                                           Fax: (214) 451-0165
                                           jay@kjpllc.com
                                           bkizzia@kjpllc.com

                                           **ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**